**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | | |
|---|---|---|
| Albert Bellamy, | ) | |
| | ) | Civil Action No. 4:09-cv-01691-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Director Tom Fox, Detective Kent Donald, | ) | |
| Detective Dean Bishop, Sergeant Anthony | ) | |
| McCullough, Dep. Dir. Joey Johnson, and | ) | |
| Lt. Robert Orlowski in their individual and | ) | |
| official capacities as officers of the County | ) | |
| of Horry and the County of Horry, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff filed his Complaint [Doc. 1] against Defendants on June 25, 2009, alleging eleven

causes of action, including both federal and state law claims, stemming from an alleged conspiracy

on the part of Defendants to attempt to bribe Plaintiff and have him arrested. In February 2012, the

court held a jury trial during which the court dismissed five of Plaintiff's claims upon Defendants'

motion for directed verdict. The court dismissed three more of Plaintiff's claims with Plaintiff's

consent, and one claim was withdrawn by Plaintiff. Accordingly, only two of Plaintiff's causes of

action, malicious prosecution and abuse of process, both state law claims, proceeded to the jury.

The jury was not able to reach a unanimous decision as to Plaintiff's state law claims, resulting in

a mistrial.

A federal district court may decline to exercise supplemental jurisdiction over a state law

claim if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. §

1367(c)(3). As Plaintiff's only remaining claims are state law claims,[1] the court declines to exercise supplemental jurisdiction over Plaintiff's claims. *See Rhyne v. Henderson County*, 973 F.2d 386, 395 (5th Cir. 1992) (affirming the district court's order declining to adjudicate state claims after directing verdict for defendant on federal claims). Plaintiff is hereby cautioned that pursuant to 28 U.S.C. § 1367(d) the period of limitations for asserting his state law claims may be tolled for a period of thirty days after dismissal by this court, unless state law provides for a longer tolling period, so long as the dismissed state law claims were properly asserted in federal court. Should Plaintiff wish to pursue his claims for malicious prosecution and abuse of process in state court, Plaintiff must file his claims within thirty (30) days of the date of this order.

## CONCLUSION

For the foregoing reasons, Plaintiff's malicious prosecution and abuse of process claims are dismissed without prejudice. Defendants' Motion for Summary Judgment [Doc. 90] is denied as moot.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
September 5, 2012.

---

[1] *See U.S. v. Todd*, 920 F.2d 399, 403–04 (6th Cir. 1990) (noting that in the case of a mistrial, a court has discretion to refuse to reopen issues that have previously been decided); *City of Cleveland v. Cleveland Electric Illuminating Co.*, 538 F. Supp. 1328, 1331 (N.D. Ohio 1981) ("[A] retrial following a mistrial is a trial de novo only as to those issues actually remaining in controversy, i.e. those matters which were not the subject of dispositive rulings by the trial court during the course of the earlier proceeding."); *Remco, Inc. v. Faber Bros., Inc. Remco, Inc. v. Faber Bros., Inc.*, 34 F.R.D. 259, 260 (N.D. Ill. 1964) ("The second trial is limited to a presentation of evidence on issues upon which the jury at the first trial was unable to agree.").